UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE SILSBY,

                        Petitioner,                        Case Number 2:12-CV-10236
                                                              Honorable Arthur J. Tarnow

v.

JOHN PRELESNIK,

                        Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

      Bruce Silsby, ("Petitioner"), presently incarcerated at the Ionia Maximum

Correctional Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  The petition challenges his 1979 Oakland Circuit Court convictions for first-degree

criminal sexual conduct,  MICH. COMP. LAWS § 750.520b(1)(d)(ii), and kidnaping. MICH.

COMP. LAWS § 750.349.  The Court dismisses the petition for failure to comply with the

one-year statute of limitations set forth  at 28 U.S.C. § 2244(d). The Court also denies a

certificate of appealability.

I. Background

      This Court recites verbatim the relevant facts relied upon by the state trial court in

its opinion denying Petitioner post-conviction relief, which are presumed correct on habeas

review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th

Cir. 2009):

              At trial, Theresa Norris testified that on the evening of July 12, 1977
        she played in a concert with the Warren Concert Band. After the concert, she
        went to her friend Cindy Baggett's home and watched a Woody Allen movie

with Cindy and her brother David. Theresa left Cindy's home a little after 3:00 a.m. On the way back to her home in Troy, a vehicle approached her from behind and began flashing its lights. Theresa pulled over because she thought it was the police. Larry Silsby approached her vehicle and asked for her license and registration and then started back towards his car. Theresa began to exit her vehicle and asked to see Larry Silsby's badge. Larry Silsby returned and said they were going to take her in and escorted her back to his car. Theresa was pushed into the back seat of a brown two-door automobile. Another man, Bruce Silsby, was sitting in the passenger's seat. Larry Silsby began driving further south on M-24 and then turned off onto a dirt road. The car stopped and Larry got in the back seat and Bruce slid over to the driver's seat. Theresa tried to get out of the car and began to struggle. Larry slapped her, told her to calm down, and began to undress her. Larry removed her sandals, slacks and underwear. Larry unzipped his pants and penetrated her vagina with his penis. Larry maintained this position for about 15 to 20 minutes. During this time, Bruce was driving the car and then the car stopped. Bruce then got in the back seat and Larry began driving the car. Bruce removed her blouse and bra. Bruce began kissing her breasts and put his penis into her vagina. Bruce maintained this position for about 20 to 25 minutes. Then Bruce got into the front seat and they told her to keep her head down. As they drove south on M-24 she put her cloths back on. When they arrived at her car, they pulled in behind and let her go telling her if she reported this to anyone they would send someone after her. When she got out she went to her car and she looked at their license plate number. She remembered that the number was "RDT 352." She returned to Cindy Baggett's house and they called the police.

After the incident, Theresa went to the Sheriff's Department where she was presented with two lines of five men each. Theresa was able to identify Larry Silsby in the second lineup, but she was not able to identify Bruce Silsby. Theresa explained that when she looked at the first line of men she expected to find the first man that raped her. However, Larry Silsby was in the second line of men and she believed that Bruce was in the first line. She testified that later, at the preliminary examination, she was able to identify both Larry and Bruce as the men who raped her.

Opinion Denying Motion for Relief From Judgment, pp. 3-5.

Based on this evidence Petitioner was convicted as indicated above and sentenced

to two concurrent parolable life sentences.

Petitioner filed an appeal in the Michigan Court of Appeals. His appellate counsel

filed a brief that raised the following two claims:

2

I. Defendants were denied the right to effective assistance of counsel because of defense counsel's conflict of interest in representing both co-defendants.

II. The improper statements of the prosecution caused reversible error.

The prosecutor filed a motion to peremptorily affirm the conviction, and the Michigan Court of Appeals granted it, stating that "the questions sought to be reviewed were without merit and so insubstantial as to need no argument or formal submission." *People v. Bruce Silsby*, No. 46943 (Mich. Ct. App. Dec. 30, 1980). The Michigan Court of Appeals subsequently denied a motion for rehearing. *People v. Bruce Silsby*, No. 46943 (Mich. Ct. App. Jan. 29, 1981). Petitioner did not appeal to the Michigan Supreme Court.

Petitioner then filed a delayed motion for a new trial in 1982. The trial court denied the motion for failure to satisfy the filing requirements of then G.C.R. 1963 527, "and for lack of merit in the grounds presented." *People v. Bruce Silsby*, No. 77-33319-FY (Oakland County Cir. Ct. April 27, 1982). Petitioner subsequently filed an application for leave to appeal in the Michigan Court of Appeals, but he voluntarily dismissed it by motion dated November 29, 1982.

Petitioner next filed a motion for relief from judgment in the trial court in November of 2008.[1]  The motion raised the following claims:

I. Did the trial court fail to have subject matter jurisdiction in the case at bar when the people failed to have a complaint with the affidavit for the arrest warrant to issue?

---

[1]The Oakland Circuit Court docket sheet filed with the Rule 5 material does not indicate the date that motion for relief from judgment was filed.  Respondent asserts simply that it was filed in "November of 2008," and Petitioner does not dispute this allegation in his reply brief.

3

II. Was the alleged victim's identification of the Defendant reliable when she could not make this identification until after she could confer with the police?

III. Did the Defendant suffer the ineffective and incompetent assistance of counsel at trial?

The trial court denied the motion in an opinion dated April 17, 2009. Petitioner filed an application for leave to appeal the decision in the Michigan Court of Appeals, but it was denied "for failure to establish entitlement to relief under MICH. CT. R. 6.508(D)." *People v. Bruce Silsby*, No. 292056 (Mich. Ct. App. Sept. 25, 2009). Petitioner did not appeal this order to the Michigan Supreme Court.

 Petitioner then filed a motion to amend his motion for relief from judgment in the trial court in December of 2010. The trial court would not accept the motion for filing on the grounds that it was a prohibited successive motion for relief from judgment.

Petitioner filed an appeal in the Michigan Court of Appeals. That Court dismissed the application for leave to appeal because Petitioner was appealing from the rejection of a successive motion for relief from judgment which is prohibited by MICH. CT. R. 6.502(G)(1). *People v. Bruce Silsby*, No. 302525 (Mich. Ct. App. Sept. 2, 2011). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising what now form his four habeas claims. The Michigan Supreme Court denied relief under Rule 6.508(D). *People v. Bruce Silsby*, 490 Mich. 972 (2011) (table).

Petitioner's habeas petition is dated January 11, 2012, and raises the following claims:

I. Since there was no affidavit to support the complaint, there was no showing of probable cause to issue the arrest warrant against defendant, though one was required to issue the warrant. Defendant's U.S. Const. Amend. IV and Mich. Const. 1963 art 1 section 11 civil rights against unreasonable search and seizure was violated when defendant was arrested.

4

II. The evidence at defendant's preliminary examination was insufficient to support the bind-over, thus, entitled defendant to discharge.

III. Defendant was denied his right to effective assistance of appellate counsel where he failed to raise issues that was obvious and stronger than the ones he raised resulted in denial of due process of law.

IV. Michigan Court Rule 6.508(d)(3) should not be given retroactive application adoption where it was not firmly established and regularly followed and would impair [rights] possessed prior to its enactment.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Because Petitioner's conviction became final prior to the enactment of the AEDPA on April 24, 1996, he had one year from the effective date of the Act, or until April 24, 1997, to file his habeas application. *See McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Petitioner's application was not filed until over fifteen years after the expiration of the limitations period. Thus, the petition is untimely, unless the limitations period was tolled for any reason.

The Supreme Court has held that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, ___U.S.___, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).  The Court cautioned that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 *(quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010).

Petitioner's reply brief makes general protestations to establish equitable tolling, such as: "Petitioner's [poor] educational foundation," Reply Brief, p 2, "Respondent has not provided any evidence of the position that Petitioner held sufficient knowledge of the filing requirements," Id., the Court should distinguish between a sophisticated, practicing attorney and an uneducated pro se litigant, Id. p 3, Petitioner thought the motion for relief from judgment re-started the limitations period, Id., Respondent has not been prejudiced, Id., and Petitioner is actually innocent because the victim stated she was not raped, Id. p 4.

The fact that Petitioner is untrained in the law, is proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does

6

not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling).   As a basis for equitable tolling, Petitioner asserts merely the general burdens of a prisoner. *Cf. Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (limited law library access, inability to obtain trial transcript and pro se status do not constitute extraordinary circumstances that justified five month delay in filing federal petition). Petitioner has not shown that he is entitled to equitable tolling due to his poor education, ignorance of the law, or pro se status.

Petitioner also asserts that his is actually innocent. The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F. 3d 577, 599-600 (6th Cir. 2005).   To support his actual innocence claim, Petitioner cites four pages of the trial transcript where he claims the victim testified that she was not raped. The Court has reviewed the victim's testimony.[2]  She never testified that she was not raped.  Petitioner merely references portions of her testimony where she

---

[2]Petitioner cites "TT. 291, 319, 396, and 397" to support his claim that the victim testified that she was not raped.  The copies of the transcripts filed with the Court are of exceptionally poor quality and do not contain page numbers.  The Court was nevertheless able to identify the referred to testimony.  For example, the table of contents to the trial transcript indicates that People's Exhibit #9 was identified at page 289.  That event occurs at Dkt. 9-22, p 13.  Accordingly, Petitioner's reference to TT 291 corresponds to Dkt. 9-22, p 15, and so forth.  Despite the poor quality of the transcripts, the Court has reviewed the victim's testimony and has found no place where she denied that Petitioner raped her.

admitted that she did not identify Petitioner at a line-up. At trial, however, she identified Petitioner as one of the men who raped her. Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter*, because he has not demonstrated the existence of any new reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Because Petitioner has not demonstrated entitlement to any equitable tolling, the petition must be dismissed as untimely.

### III. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court **DISMISSES** the petition for writ of habeas corpus.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. Id. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 22, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 22, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

9